IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHERYLL ANN DILLON,
d/b/a ITAX SELF-HELP TAX CO.,
a sole proprietorship,

      Plaintiff,

v.                                                       No. 1:25-cv-00695-KK

INTERNAL REVENUE SERVICE,
COMMISSIONER OF INTERNAL REVENUE and
UNITED STATES OF AMERICA,

      Defendants.

**ORDER FOR SECOND AMENDED COMPLAINT,
ORDER TO SHOW CAUSE REGARDING TRO,
ORDER TO CURE DEFICIENCY
AND ORDER DENYING MOTIONS**

**THIS MATTER** comes before the Court on Plaintiff's First Amended Class Action Complaint for Declaratory, Injunctive, and Other Relief, Doc. 6, filed August 13, 2025 ("Amended Complaint"), Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 3, filed July 24, 2025 ("Short Form Application"), Plaintiff's Motion for Appointment of Class Counsel and Plaintiff Oversight Role, Doc. 4, filed July 24, 2025 ("Motion to Appoint Class Counsel"), Plaintiff's Motion to Expedite Consideration of Plaintiff's Motion for TRO/Preliminary Injunction and IFP, Doc. 7, filed August 13, 2025 ("First Motion to Expedite"), and Plaintiff's Motion to Expedite Consideration of Plaintiff's Motion to Proceed Without Prepayment of Fees and Motion for Preliminary Injunction, Doc. 8, filed August 13, 2025 ("Second Motion to Expedite").

**Order for Second Amended Complaint**

      Plaintiff is:

> challenging unlawful Internal Revenue Service ("IRS") withholding guidance issued beginning in 2021 that cause systemic under-withholding of federal income taxes from W-2 employees, resulting in billions of dollars in unexpected underpayment penalties and excessive year-end tax liabilities. Plaintiff, operating as ITAX SELF-HELP TAX COMPANY, has suffered direct business harm from uncompensated labor spent correcting these errors for clients.

Amended Complaint at 1. Plaintiff alleges that some of Plaintiff's clients received a letter from their employer stating that the IRS instructed the employer to reduce the amount of federal income tax withheld from employee wages in order to reduce refund amounts. *See* Amended Complaint at 2. Plaintiff also alleges that underpayment penalties affected many taxpayers. *See* Amended Complaint at 2. Plaintiff states that "the IRS's withholding guidance has forced Plaintiff to divert substantial uncompensated time and resources to dispute penalties, amend returns, and prepare corrective W-4 forms for clients." Amended Complaint at 2. Plaintiff asserts claims pursuant to the "APA, 5 U.S.C. §§ 701-706" and for "ultra vires action beyond statutory authority." Amended Complaint at 2.

      The Court has identified the following deficiencies in the Complaint and orders Plaintiff to file a second amended complaint. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023-WL-4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

      As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to

2

address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

The Amended Complaint does not show that the Court has jurisdiction over this suit. Plaintiff states the Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7422 and 7433. *See* Amended Complaint at 2. Section 7422 allows for suits for the recovery of any penalty claimed to have been collected without authority or in any manner wrongfully collected. *See* 26 U.S.C. § 7422(a). However, "[n]o suit or proceeding shall be maintained for the recovery . . . of any penalty . . . until a claim for refund or credit has been duly filed with the Secretary." 26 U.S.C. § 7422(a). The Amended Complaint does not allege that Plaintiff has filed a claim with the Secretary of the Internal Revenue Service. Section 7433 allows a taxpayer to bring a civil action for damages against the United States resulting from intentional or negligent disregard of any provision of the Internal Revenue Code. *See* 26 U.S.C. § 7433(a). However, a judgment for damages shall not be awarded unless the plaintiff has exhausted the administrative remedies available to the plaintiff within the Internal Revenue Service. *See* 26 U.S.C. § 7433(d)(1). There are no allegations that Plaintiff has exhausted administrative remedies.

The Amended Complaint fails to state a claim over which the Court has jurisdiction. "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)). "[T]o state a claim in federal court, a complaint must explain what each defendant did to [*each plaintiff*]; when the [*each*] defendant did it; how the [*each*] defendant's action harmed [*each plaintiff*]; and, what specific legal right [each] plaintiff believes [*each*] defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe*

3

*County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added). The Amended Complaint does not contain factual allegations indicating Plaintiff was subject to penalties for underpayment of taxes. Nor does the Amended Complaint identify the specific statutory provisions of the APA and Internal Revenue Code that Defendants allegedly violated.

The Amended Complaint also does not show that Plaintiff has standing to bring this case.

> "The constitutional requirements for standing are (1) an injury in fact, (2) a causal connection between the injury and the challenged act, and (3) a likelihood that the injury will be redressed by a favorable decision."

*Planned Parenthood of Kansas v. Andersen*, 882 F.3d 1205, 1218 (10th Cir. 2018) (quoting *New Mexico v. Dep't of Interior*, 854 F.3d 1207, 1214-15 (10th Cir. 2017)). Plaintiff's allegation that "the IRS's withholding guidance has forced Plaintiff to divert substantial uncompensated time and resources to dispute penalties, amend returns, and prepare corrective W-4 forms for clients" does not show that Plaintiff suffered an injury sufficient to confer standing. "[A] plaintiff cannot show that a defendant caused its injuries if the plaintiff's injuries resulted from its own acts or failures to act." *Planned Parenthood of Kansas v. Andersen*, 882 F.3d at 1218 (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 415 (2013)).

Plaintiff also seeks a preliminary injunction. *See* Amended Complaint at 3. The Amended Complaint fails to state a claim for a preliminary injunction.

> Because a preliminary injunction is an "extraordinary remedy never awarded as of right," *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008), the movant must make a "clear and unequivocal" showing it is entitled to such relief, *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1190 (10th Cir. 2008) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004)). To obtain a preliminary injunction, the movant must show (1) it "is substantially likely to succeed on the merits," (2) it "will suffer irreparable injury if the injunction is denied," (3) its "threatened injury outweighs the injury the opposing party will suffer under the injunction," and (4) "the injunction would not be adverse to the public interest." *New Mexico Dep't of Game & Fish*, 854 F.3d at 1246 (quoting *Fish*, 840 F.3d at 723).

4

*Colorado v. U.S. Environmental Protection Agency*, 989 F.3d 874, 883-84 (10th Cir. 2021). The Amended Complaint does not contain allegations showing that the elements required to obtain a preliminary injunction are satisfied.

Plaintiff asserts claims on behalf of the class of "employees who incurred underpayment penalties or excess tax liabilities due to reduced withholding under IRS guidance." Amended Complaint at 2. Plaintiff may not represent other persons because she is not an attorney authorized to practice before this Court. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others").

The Court orders Plaintiff to file a second amended complaint that addresses the deficiencies described above. The second amended complaint must comply with the Federal and Local Rules of Civil Procedure. *See*, *for example*, Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

**Order to Show Cause regarding TRO**

Plaintiff requests an "[i]mmediate Temporary Restraining Order halting assessment and collection of penalties from the challenged guidance." Amended Complaint at 2; Information Sheet for T.R.O., Doc. 9, filed August 25, 2025 (requesting that a hearing be set for "Today").

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

There are no allegations showing that immediate and irreparable injury, loss, or damage will result to Plaintiff before Defendants can be heard. Plaintiff has not stated any reasons why notice should not be given to Defendants before the Court holds a hearing on the motion for a temporary restraining order. The Court orders Plaintiff to show cause why the Court should not deny her motion for a TRO.

**Order to Cure Deficiency**

Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form). The Short Form Application does not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the required fees. The Court requires plaintiffs seeking to proceed without prepaying fees to file the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Long Form Application"). Failure to file a Long Form Application within twenty-one (21) days from entry of this Order *or* failure to follow all instructions in the Long Form Application may result in denial of Plaintiff's motion to proceed *in forma pauperis.*

**Order Denying Motions to Expedite and Motion to Appoint Class Counsel**

Plaintiff filed two Motions to Expedite review of Plaintiff's Application to proceed *in forma pauperis* and Plaintiff's Motion for a preliminary injunction. *See* First and Second Motions to Expedite. The Court denies Plaintiff's First and Second Motions to Expedite because the Court is ordering Plaintiff to: (i) file a Long Form Application to proceed *in forma pauperis* if Plaintiff; and (iii) file a second amended complaint.

The Motion for Appointment of Class Counsel states "Plaintiff, Sheryll Ann Dillon, respectfully moves this Honorable Court for an order appointing qualified class counsel pursuant

6

to Rule 23(g) of the Federal Rules of Civil Procedure." The Court denies Plaintiff's Motion to Appoint Class Counsel because the Court is ordering Plaintiff to file a second amended complaint.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

>    **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>    **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>    **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>    **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>    **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff shall, within 21 days of entry of this Order, file a second amended complaint.  Failure to timely file a second amended complaint may result in dismissal of this case.

(ii) Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not deny Plaintiff's motion for a temporary restraining order.  Failure to timely show cause may result in denial of Plaintiff's motion for a temporary restraining order.

(iii) Plaintiff shall, within 21 days of entry of this Order, file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).  Failure to timely

    file a Long Form Application may result in may result in denial of Plaintiff's motion to proceed *in forma pauperis*.

(iv) Plaintiff's Motion for Appointment of Class Counsel and Plaintiff Oversight Role, Doc. 4, filed July 24, 2025, is **DENIED.**

(v) Plaintiff's Motion to Expedite Consideration of Plaintiff's Motion for TRO/Preliminary Injunction and IFP, Doc. 7, filed August 13, 2025, is **DENIED.**

(vi) Plaintiff's Motion to Expedite Consideration of Plaintiff's Motion to Proceed Without Prepayment of Fees and Motion for Preliminary Injunction, Doc. 8, filed August 13, 2025, is **DENIED.**

(v) The Clerk shall send to Plaintiff a copy of this Order and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

                _____
                **KIRTAN KHALSA**
                **UNITED STATES MAGISTRATE JUDGE**