IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHERYLL ANN DILLON, individually and
d/b/a ITAX SELF-HELP TAX COMPANY,
on behalf of a nationwide class of similarly situated taxpayers,

        Plaintiff,

v.                                                               No. 1:25-cv-00695-JB-KK

INTERNAL REVENUE SERVICE, et al.,

        Defendants.

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed July 24, 2025 ("original Application"), Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 16, filed September 10, 2025 ("Second Application"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 17, filed September 11, 2025 ("Third Application").[1]

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

---

[1] The Second and Third Applications appear to be identical.

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Second Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months is $2,306.00; (ii) Plaintiff's income amount expected next month is $1,000.00; (iii) Plaintiff's monthly expenses total $840.00; (iv) Plaintiff has $72.00 in cash and bank accounts; (v) Plaintiff's "income is mostly seasonal, where I make the most of it during February – August." The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of these proceedings and her monthly expenses are approximately equal to her income amount expected next month. Because it is granting Plaintiff's Third Application, the Court denies Plaintiff's original and Second Applications as moot.

**IT IS ORDERED** that:

(i) Plaintiff's Third Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 17, filed September 11, 2025, is **GRANTED.**

(ii) Plaintiff's original Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed July 24, 2025, is **DENIED as moot.**

(iii)   Plaintiff's Second Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 16, filed September 10, 2025, is **DENIED as moot.**

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**