IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHERYLL ANN DILLON, individually and
d/b/a ITAX SELF-HELP TAX CO.,
on behalf of a nationwide class of similarly
situated taxpayers,

        Plaintiff,

vs.                                                              No. CIV 25-0695 JB/KK

INTERNAL REVENUE SERVICE, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915 and rule 12(b)(6) of the Federal Rules of Civil Procedure, on: (i) Plaintiff's Second Amended Complaint, filed September 4, 2025 (Doc. 13)("Complaint"); (ii) Plaintiff's Expedited Motion for Appointment of Interim Class Counsel, filed September 4, 2025 (Doc. 12)("Expedited Motion"); (iii) Plaintiff's Expedited Motion for Appointment of Class Counsel, filed September 26, 2025 (Doc. 18)("Second Expedited Motion"); and (iv) Plaintiff's Motion for Leave to proceed in forma pauperis and to expedite consideration of this request, filed September 26, 2025 (Doc. 19)("Fourth Motion to Proceed In Forma Pauperis"). Plaintiff Sheryll Ann Dillon appears pro se. For the reasons set out below, the Court: (i) dismisses Dillon's claims without prejudice; (ii) dismisses the Complaint; (iii) denies the Expedited Motion for Appointment of Class Counsel; (iv) denies the Second Expedited Motion for Appointment of Class Counsel; (v) denies the Fourth Motion to proceed in forma pauperis; and (iv) dismisses this case.

## PROCEDURAL BACKGROUND

Dillon commences this action by filing the initial compliant, see Class Action Complaint (Unlawful Collection of Underpayment penalties Resulting from IRS-Initiated Withholding

Reductions), filed July 24, 2025 (Doc.1); an application to proceed <u>In Forma Pauperis</u>, <u>see</u> Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), filed July 24, 2025, (Doc. 3)("Short Form <u>In Forma Pauperis</u> Application"); and a motion for appointment of class counsel, <u>see</u> Motion for Appointment of Class Counsel and Plaintiff Oversight Role, filed July 24, 2025 (Doc. 4). On August 13, 2025, Dillon files the First Amended Class Action Complaint for Declaratory, Injunctive, and Other Relief (Doc. 6)("Amended Complaint"). In the Amended Complaint, Dillon states she is:

> challenging unlawful Internal Revenue Service ("IRS") withholding guidance issued beginning in 2021 that cause systemic under-withholding of federal income taxes from W-2 employees, resulting in billions of dollars in unexpected underpayment penalties and excessive year-end tax liabilities. Plaintiff, operating as ITAX SELF-HELP TAX COMPANY, has suffered direct business harm from uncompensated labor spent correcting these errors for clients.

Amended Complaint ¶ 1, at 1. Dillon alleges that some of Plaintiff's clients received a letter from their employer stating that the IRS instructed the employer to reduce the amount of federal income tax withheld from employee wages in order to reduce refund amounts. <u>See</u> Amended Complaint ¶ 3, at 2. Dillon also alleges that underpayment penalties affect many taxpayers. <u>See</u> Amended Complaint ¶ 4, at 2. Dillon states that "the IRS's withholding guidance has forced Plaintiff to divert substantial uncompensated time and resources to dispute penalties, amend returns, and prepare corrective W-4 forms for clients." Amended Complaint ¶ 1, at 2.

The Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District of New Mexico, notified Dillon:

> The Amended Complaint also does not show that Plaintiff has standing to bring this case.
>
> > "The constitutional requirements for standing are (1) an injury in fact, (2) a causal connection between the injury and the challenged act, and (3) a likelihood that the injury will be redressed by a favorable decision."

*Planned Parenthood of Kansas v. Andersen*, 882 F.3d 1205, 1218 (10th Cir. 2018)(quoting *New Mexico v. Dep't of Interior*, 854 F.3d 1207, 1214-15 (10th Cir. 2017)). Plaintiff's allegation that "the IRS's withholding guidance has forced Plaintiff to divert substantial uncompensated time and resources to dispute penalties, amend returns, and prepare corrective W-4 forms for clients" does not show that Plaintiff suffered an injury sufficient to confer standing. "[A] plaintiff cannot show that a defendant caused its injuries if the plaintiff's injuries resulted from its own acts or failures to act." *Planned Parenthood of Kansas v. Andersen*, 882 F.3d at 1218 (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 415 (2013)).

Order for Second Amended Complaint, Order to Show Cause Regarding TRO, Order to Cure Deficiency and Order Denying Motions ¶¶ 2-3, at 4, filed August 26, 2025 (Doc. 11)("Order to Show Cause"). Magistrate Judge Khalsa also notified Dillon:

> Plaintiff asserts claims on behalf of the class of "employees who incurred underpayment penalties or excess tax liabilities due to reduced withholding under IRS guidance." Amended Complaint at 2. Plaintiff may not represent other persons because she is not an attorney authorized to practice before this Court. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)("A litigant may bring his own claims to federal court without counsel, but not the claims of others").

Order to Show Cause ¶ 1, at 5. Magistrate Judge Khalsa ordered Dillon to file a second amended complaint. See Order to Show Cause, ¶ 1, at 8.

On September 4, 2025, Dillon files her Expedited Motion, and the Complaint, see Complaint ¶ 1, 1. In the Complaint, Dillon states "Plaintiff brings this case on behalf of herself, her business, and a nationwide class of similarly situated taxpayers who were harmed by [the IRS'] systemic practices." Complaint ¶ 2, at 2. Dillon contends:

> 9. Plaintiff has standing as an injured taxpayer, as a small business owner force to expend significant administrative resources addressing IRS-caused under-withholding, and as a representative of similarly situated taxpayers nationwide.
> . . . .
> 11. Plaintiff's business, ITAX Self-Help Tax Company, has faced significant administrative burden because of the IRS's flawed and non-transparent withholding guidance. . . The IRS's failure to publicly disclose or explain this policy change forced Plaintiff to spend substantial time educating, assisting, and correcting filings for affected clients—work that would not have been necessary absent the IRS's concealed guidance.

Complaint ¶¶ 2-3, at 3.  Dillon does not allege that the IRS penalizes her for "under-withholding of federal income taxes."  Complaint ¶¶ 2 at 1.  See also Supplemental Brief Regarding Jurisdiction and Standing ¶ 6, at 2, filed September 4, 2025 (Doc.15)(stating "Plaintiff has suffered concrete harm as an individual and business owner.  Since 2021, she has been required to divert significant unpaid time and labor to assist clients harmed by IRS guidance.").

On September 10, 2025, Dillon files another Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. 16)("Application to Proceed In Forma Pauperis"), and she then files a third Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) on September 11, 2025 (Doc. 17)("Second Application to Proceed In Forma Pauperis").  On September 26, 2025, Dillon files the Second Expedited Motion, see Second Expedited Motion ¶ 1, at 1, and the Fourth Motion to Proceed In Forma Pauperis, see Fourth Motion to Proceed In Forma Pauperis ¶ 1, at 1.

On September 29, 2025, Magistrate Judge Khalsa: denies the Short Form In Forma Pauperis Application, denies the Application to Proceed In Forma Pauperis, and grants the Second Application to Proceed In Forma Pauperis.  See Order Granting Application to Proceed *In Forma Pauperis*, filed September 29, 2025 (Doc. 20).

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)("Hall").  The United States Court of Appeals for the Tenth Circuit states:

> [I]f the court can reasonably read the pleadings to state a valid claim on which [the plaintiff] could prevail, it should do so despite [his or her] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

Hall, 935 F.2d at 1110.  The court, however, will not "assume the role of advocate for the pro se litigant."  Hall, 935 F.2d at 1110.  "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."  Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)("Twombly").  A district court should not dismiss a pro se complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6).  While dismissal under rule 12(b)(6) generally follows a motion to dismiss, a court's sua sponte dismissal of a complaint under rule 12(b)(6) is not an error if it is "'"patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" Curley v. Perry, 246 F.3d at 1282 (quoting Hall, 935 F.3d at 1110).

## LAW REGARDING RULE 12(b)(6)

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994).  The sufficiency of a complaint is a question of law, and when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a reasonable

person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pled factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.")(citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006)).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)("Iqbal")(citing Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (quoting 5 Charles Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. See Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis in original). The Tenth Circuit states:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." [Twombly, 550 U.S. at 570]. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)("Robbins")(quoting Twombly, 550 U.S. at 570).

Although affirmative defenses usually must be pled in the defendant's answer, and not argued inn a motion to dismiss, see Fed. R. Civ. P. 8(c), there are exceptions.  First, a defendant can argue an affirmative defense in a motion to dismiss where the defendant asserts an immunity defense -- the courts handle these cases differently than other motions to dismiss.  See Robbins, 519 F.3d at 1247; see Glover v. Gartman, 899 F. Supp. 2d 1115, 1137-39, 1141 (D.N.M. 2012)(Browning, J.)(citing Pearson v. Callahan, 555 U.S. 223 (2009)).  Second, the defendant can raise the defense on a motion to dismiss where the facts establishing the affirmative defense are apparent on the complaint's face.  See Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965)("Under Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim.  If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule.").  The defense of limitations is the affirmative defense that the complaint's uncontroverted facts is most likely to establish.  See 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil § 1277, at 643 (3d ed. 2004).  If the complaint sets forth dates that appear to fall outside of the statutory limitations period, then the defendant may move for dismissal under rule 12(b)(6).  See Rohner v. Union P. R. Co., 225 F.2d 272, 273-75 (10th Cir. 1955); Gossard v. Gossard, 149 F.2d 111, 113 (10th Cir. 1945); Andrew v. Schlumberger Tech. Co., 808 F. Supp. 2d 1288, 1292 (D.N.M. 2011)(Browning, J.).

The plaintiff may counter this motion with an assertion that a different statute of limitations or an equitable tolling doctrine applies to bring the suit within the statute.  The Tenth Circuit has not clarified whether this assertion must be pled with supporting facts in the complaint or may be merely argued in response to the motion.  Cf. Kincheloe v. Farmer, 214 F.2d 604 (7th Cir. 1954)(holding that, once a plaintiff has pled facts in the complaint indicating that the statute of limitations is a complete or partial bar to an action, the plaintiff must plead facts establishing an exception to the affirmative defense).  It appears that, from case law in several Courts of Appeals, the plaintiff may avoid this problem altogether -- at least at the motion-to-dismiss stage -- by refraining from pleading specific or identifiable dates.  See Goodman v. Praxair, Inc., 494 F.3d 458, 465-66 (4th Cir. 2007); Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006).  Although the Tenth Circuit has not addressed squarely this practice, the Court has permitted this practice.  See Anderson Living Trust v. WPX Energy Prod., LLC, 27 F. Supp. 3d 1188 (D.N.M. 2014)(Browning, J.).

### LAW REGARDING PROCEEDINGS IN FORMA PAUPERIS ("IFP")

The statute for proceedings in IFP, 28 U.S.C. § 1915(a), provides that a district court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted.  Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

Menefee v. Werholtz, 368 Fed. App'x. 879, 884 (10th Cir. 2010)(citing Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962)).[1] "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." Scherer v. Kansas, 263 Fed. App'x. 667, 669 (10th Cir. 2008)(citing Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs . . . ." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself and dependents 'with the necessities of life.'" Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339. While the district court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) because he or she is not "absolutely destitute," the court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars. Brewer v. City of Overland Park Police Department, 24 Fed. App'x. 977, 979 (10th Cir. 2002)(stating that a litigant whose monthly income exceeds his monthly

---

[1] Menefee v. Werholtz is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The United States Court of Appeals for the Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Menefee v. Werholtz, 368 Fed. App'x. 879 (10th Cir. 2010), Scherer v. Kansas, 263 Fed. App'x. 667 (10th Cir. 2008), and Brewer v. City of Overland Park Police Department, 24 Fed. App'x. 977 (10th Cir. 2002) have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

expenses by a few hundred dollars according to his own accounting has sufficient income to pay filing fees, and, thus, is not entitled to IFP status).[2]

The district court may grant a motion to proceed IFP even if the complaint does not state a claim and the court thereby must dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2).  See Buchheit v. Green, 705 F.3d 1157, 1160-61 (10th Cir. 2012)("There is simply nothing in the language of the statute [regarding IFP proceedings, 28 U.S.C. § 1915,] indicating that such a dismissal must occur before the grant of a motion to proceed IFP.").

> [I]f an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A. § 1915(d).

Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962)(citing Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962)).

The district court has the discretion to dismiss an IFP complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1952(e)(2).  The district court also may dismiss a complaint sua sponte under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  Hall, 935 F.2d at 1109 (quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  In reviewing the Complaint, the district court applies the same legal

---

[2] At the time of the ruling in Brewer v. City of Overland Park Police Department, the filing fee for the appeal was $100.00. See 28 U.S.C. § 1913 (2001) Judicial Conference Schedule of Fees. Brewer's monthly income exceeds his monthly expenses by $242.00. See Brewer v. City of Overland Park Police Department, No. 01-3055, Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7 (10th Cir. May 11, 2001).

standards applicable to pleadings that an attorney drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

## ANALYSIS

Having carefully reviewed the Complaint, and the relevant law, the Court will: (i) dismiss the claims asserted by Dillon without prejudice; (ii) dismiss the Second Amended Complaint; (iii) deny the Expedited Motion for Appointment of Class Counsel; (iv) deny the Second Expedited Motion for Appointment of Class Counsel; (v) deny the Fourth Motion to proceed in forma pauperis; and (iv) dismiss this case.

Dillon has not shown that she has standing to bring this case, because Dillon's allegation that she was "force[d] to expend significant administrative resources addressing IRS-caused under-withholding" does not show that she suffered an injury sufficient to confer standing. See Planned Parenthood of Kansas v. Andersen, 882 F.3d at 1218 ("[A] plaintiff cannot show that a defendant caused its injuries if the plaintiff's injuries resulted from its own acts or failures to act.").

The Court dismisses the claims Dillon asserts on behalf of "a nationwide class of similarly situated taxpayers who were harmed by [the IRS's] systemic practices," because Dillon, who is not an attorney authorized to practice before this Court, may not represent other persons. See Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000)("A litigant may bring his own claims to federal court without counsel, but not the claims of others").

The Court denies Dillon's Motion for leave to proceed in forma pauperis and to expedite consideration of this request, because Magistrate Judge Khalsa has granted Dillon's Application to Proceed in District Court Without Prepaying Fees or Costs, filed September 11, 2025 (Doc. 17). See Order Granting Application to Proceed *In Forma Pauperis*, filed September 29, 2025 (Doc. 20). The Court denies Dillon's Expedited Motion for Appointment of Interim Class Counsel

and Second Expedited Motion for Appointment of Interim Class Counsel, because the Court is dismissing this case.

**IT IS ORDERED** that: (i) Plaintiff's claims are dismissed without prejudice; (ii) Plaintiff's Second Amended Complaint, filed September 4, 2025 (Doc. 13), is dismissed; (iii) Plaintiff's Expedited Motion for Appointment of Interim Class Counsel, filed September 4, 2025 (Doc. 12), is denied; (iv) Plaintiff's Expedited Motion for Appointment of Class Counsel, filed September 26, 2025 (Doc. 18), is denied; (v) Plaintiff's Motion for leave to proceed in forma pauperis and to expedite consideration of this request, filed September 26, 2025 (Doc. 19), is denied; and (vi) this action is dismissed.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Sheryll Ann Dillon
Tucumcari, New Mexico

    *Plaintiff pro se*